**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

July 25, 2023

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| VITALIY KERTCHEN, | No. 57828-0-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE PATROL, | PUBLISHED OPINION |
| Respondent. | |

CRUSER, J. — Vitaliy Kertchen requested records from the Washington State Patrol (WSP) that were stored in WSP's Criminal History Document Archive and Retrieval database. The requested documents were disposition reports transmitted to WSP by Lynnwood Municipal Court and Federal Way District Court. They contained information relating to two 1996 arrests, both of which resulted in guilty verdicts.

WSP withheld the records, citing RCW 43.43.710 as an exemption to the Public Records Act (PRA).[1] RCW 43.43.710 specifically prevents WSP's "Criminal History Records Section" from releasing its internal files and records relating to the commission of any crime by any person to the public or for any personal purpose. Clerk's Papers (CP) at 54. Kertchen brought a PRA suit against WSP, arguing that RCW 43.43.710 was not a valid exemption for release of the disposition reports because a different statute, RCW 10.97.050, provides that "[c]onviction records may be

---

[1] Chapter 42.56 RCW.

No. 57828-0-II

disseminated without restriction." The trial court found that the records were exempt from disclosure and dismissed the suit. Kertchen now appeals.

We hold that WSP was not required to disclose the disposition reports to Kertchen because they are exempt from disclosure under the plain language of RCW 43.43.710. Notwithstanding that exemption, WSP's Criminal History Records Section provides access to conviction record information through other means, as prescribed by its enabling statute, including through the Washington Access to Criminal History (WATCH) application. But WSP's disclosure of *conviction* record information through WATCH does not undermine the exemption codified in RCW 43.43.710. We, therefore, affirm the trial court's dismissal of Kertchen's PRA lawsuit.

FACTS

WSP's Criminal History Records Section receives documents from various state agencies containing criminal history record information (CHRI). When the Section receives such documents, it extracts conviction records and nonconviction data from the documents and enters that data into the Washington State Identification System database (WASIS). The Section retains those documents (known as source documents) in its Criminal History Document Archive and Retrieval database. The public can access the conviction records contained in WASIS through the WATCH application. The WATCH application contains data extracted from source documents, but does not contain source documents themselves. Nonconviction data is not accessible to the public through WATCH.

On June 2, 2021, Vitaliy Kertchen sent a public records request to WSP. Kertchen, an attorney, was seeking documents relating to two of his clients' 1996 arrests. Both arrests resulted in guilty verdicts. Kertchen's request was for court disposition reports that WSP received from

2

No. 57828-0-II

Lynnwood Municipal Court and Federal Way District Court. He maintains that the documents were destroyed by the courts, and that if they had not been, he would have obtained them by requesting them directly from the courts. Before requesting these documents, Kertchen searched WATCH and obtained the publicly available conviction data for both of the 1996 arrests.

Upon receiving Kertchen's request, WSP responded that "[c]riminal history record information (CHRI) and source documents are not provided under the public disclosure statute." *Id.* at 30. It informed Kertchen that

> [i]n order to obtain a copy of court and/or arrest documents, the individual will need to contact the court(s) of jurisdiction and/or arresting agency. If the court and/or arresting agency no longer have copies of the source documents, the Washington State Patrol will provide copies to the agency upon request.

*Id.* It did not produce any records and closed the request. Kertchen then asked WSP to cite a specific statute exempting the records he requested. WSP responded,

> Criminal history record information (CHRI) is disseminated pursuant to the provisions of Chapter 10.97 RCW, rather than the Public Records Act.
>
> In addition, the withheld record is a source document retained by the WSP's Identification and Criminal History Section. The source document is submitted from courts and/or arresting law enforcement agencies to provide dat[a] for the Washington State Information System (WASIS). Information contained in the files and records of the Criminal History Section relative to the commission of any crime by any person shall be considered privileged and shall not be made public or disclosed (RCW 42.56.070(1); & RCW 43.43.710).

*Id.* at 33. Kertchen filed a PRA suit in Thurston County Superior Court on May 9, 2022.

The trial court dismissed Kertchen's complaint on September 13, 2022. It ruled that WSP did not violate the PRA because "the three responsive records that [WSP] withheld are exempt from production under the PRA." *Id.* at 80. This was based on the legal conclusions that RCW

3

No. 57828-0-II

43.43.710 is unambiguous and that RCW 43.43.710 is a valid exemption to the PRA under RCW 42.56.070(1)'s "other statute" language. *Id.* Kertchen appeals.

ANALYSIS

Kertchen argues that the trial court erred when it found that RCW 43.43.710 exempted WSP from producing the disposition reports he requested. He maintains that RCW 43.43.710 is in conflict with chapter 10.97 RCW and must therefore be interpreted narrowly. He contends that "the only way to harmonize the statutes is to hold that RCW 43.43.710 exempts disclosure only of records which did not result in a conviction." Br. of Appellant at 5. In the alternative, he argues that chapter 10.97 RCW overrides RCW 43.43.710 and mandates disclosure of the disposition reports. WSP responds that the plain language of RCW 43.43.710 unambiguously prevents it from disclosing the requested records in response to a PRA request.

We affirm the trial court and hold that RCW 43.43.710 functions as an exemption from the PRA. The plain language of RCW 43.43.710 prevents the WSP from providing public access to the Section's files and records that are related to the conviction of any crime committed by any person. This creates an exemption to the PRA via RCW 42.56.070(1)'s "other statute" language.

A. Legal Principles

*i. Public Records Act, chapter 42.56 RCW*

The PRA mandates that state and local agencies "make available for public inspection and copying all public records, unless the record falls within the specific exemptions of [the PRA] or other statute which exempts or prohibits disclosure of specific information or records." RCW

4

No. 57828-0-II

42.56.070(1).[2] If an agency withholds responsive records, it bears the burden of proving that it did so according to a valid exemption. RCW 42.56.550(1).

The "other statute" exemption "incorporates into the [PRA] other statutes which exempt or prohibit disclosure of specific information or records." *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 261, 884 P.2d 592 (1994) (plurality opinion). To operate as an exemption to the PRA, the other statute "does not need to expressly address the PRA, but it must expressly prohibit or exempt the release of records." *Doe ex rel. Roe v. Wash. State Patrol*, 185 Wn.2d 363, 372, 374 P.3d 63 (2016).

Judicial review under the PRA is de novo. RCW 42.56.550(3). When evaluating a PRA claim, "we stand in the same position as the trial court." *Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 407, 259 P.3d 190 (2011). We must "take into account the policy of [the PRA] that free and open examination of public records is in the public interest." RCW 42.56.550(3). Accordingly, we interpret the PRA's disclosure provisions liberally and its exemptions narrowly. *Koenig v. Thurston County*, 175 Wn.2d 837, 842, 287 P.3d 523 (2012).

*ii. WSP's Enabling Statute*

WSP is a state agency created by statute. Chapter 43.43 RCW. Within WSP, the legislature also created "a section on identification and criminal history" intended "to aid the administration of justice." RCW 43.43.700. The enabling statute provides that the Section will receive records containing CHRI from other state agencies and is responsible for providing CHRI to various entities, when requested. *See, e.g.*, RCW 43.43.705 (requiring the Section to provide "a transcript

---

[2] Public records include "any writing containing information relating to the conduct of government or [a governmental function]" that is "prepared, owned, used, or retained" by any state or local agency. Former RCW 42.56.010(3) (2022).

5

No. 57828-0-II

of the record of previous arrests and dispositions" when requested by criminal justice agencies); RCW 43.43.838(1) (requiring the Section to provide only a "transcript of the conviction record" when requested by various other entities).

Where the enabling statute provides for the release of conviction record information, that information must be furnished "notwithstanding any provision of RCW 43.43.700 through 43.43.810 to the contrary." RCW 43.43.838(1). This includes providing an individual with their own conviction record and fulfilling background checks requested by a business or organization. RCW 43.43.838(1)(a), (b). "Conviction record" is defined in chapter 10.97 RCW as "criminal history record information relating to an incident which has led to a conviction or other disposition adverse to the subject." RCW 10.97.030(3). Further, RCW 10.97.050(1) provides that "[c]onviction records may be disseminated without restriction." Nonconviction data, however, is more tightly guarded and may only be disseminated under certain circumstances. RCW 10.97.050.

RCW 43.43.710 provides,

> Information contained in the files and records of the section relative to the commission of any crime by any person shall be considered privileged and shall not be made public or disclosed for any personal purpose or in any civil court proceedings except upon a written order of the judge of a court wherein such civil proceedings are had. All information contained in the files of the section relative to criminal records and personal histories of persons arrested for the commission of a crime shall be available to all criminal justice agencies upon the filing of an application as provided in RCW 43.43.705.

> Although no application for information has been made to the section as provided in RCW 43.43.705, the section may transmit such information in the chief's discretion, to such agencies as are authorized by RCW 43.43.705 to make application for it.

6

No. 57828-0-II

### iii. Statutory Interpretation

Statutory interpretation is a question of law that we review de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). Our goal is to determine and give effect to the legislature's intent by first examining the plain language of the statute and its context. *Id.* at 762; *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 10, 43 P.3d 4 (2002). Only if the statute is ambiguous do we consider outside sources. *Jametsky*, 179 Wn.2d at 762.

We must avoid rendering any portion of a statute meaningless or superfluous. *Spokane County v. Dep't of Fish & Wildlife*, 192 Wn.2d 453, 458, 430 P.3d 655 (2018). Likewise, we "must not add words where the legislature has chosen not to include them." *Rest. Dev., Inc. v. Cananwill, Inc.*, 150 Wn.2d 674, 682, 80 P.3d 598 (2003).

When multiple statutes govern the same subject matter, we interpret them harmoniously if possible. *Columbia Riverkeeper v. Port of Vancouver USA*, 188 Wn.2d 80, 96, 392 P.3d 1025 (2017). If overlapping statutes cannot be harmonized, we must give effect to a more specific statute over a general one. *State v. Numrich*, 197 Wn.2d 1, 13, 480 P.3d 376 (2021).

### B. Application

On its face, RCW 43.43.710 unambiguously restricts the Section from providing its files and records that are related to the commission of any crime to the public via a PRA request. The statute provides that "[i]nformation contained in the files and records of the section relative to the commission of any crime by any person . . . shall not be made public." RCW 43.43.710. Although Kertchen contends that RCW 10.97.050(1) conflicts with RCW 43.43.710, the plain language of both statutes reveals otherwise. The language in RCW 10.97.050(1) is permissive rather than mandatory, and only relates to conviction record information. RCW 43.43.710, on the other hand,

7

No. 57828-0-II

plainly exempts the requested documents held by the Section in particular. Whether conviction record information may be obtained by an agency other than WSP does not render these statutes to be in conflict.

Moreover, Kertchen concedes in his brief that he is not entitled to *nonconviction* data, and he conceded below that he was provided conviction data related to his request through WSP's WATCH application.[3] Kertchen contends that he was entitled to source documents, but acknowledges, by his concession, that all nonconviction data would have to be removed from those documents. The only information he could have received from those documents is conviction record information, which he has already been provided with.

The documents Kertchen requested were exempted from production by RCW 42.56.070(1)'s "other statute" language because RCW 43.43.710 plainly restricts WSP from providing Kertchen with the source documents he requested.

---

[3] The Section is required to release conviction record information to certain outside entities "notwithstanding any provision of RCW 43.43.700 through 43.43.810 to the contrary." RCW 43.43.838(1). WSP does this through the WATCH application, "the official Internet source providing criminal history conviction records for the state of Washington." Washington State Patrol, WATCH Overview https://watch.wsp.wa.gov/WATCH/Home/Index (last accessed July 20, 2023). WATCH is a database where anyone may conduct a background check on anyone else for a small fee. *Id.*; Washington State Patrol, Frequently Asked Questions https://watch.wsp.wa.gov/WATCH/Home/FAQ#4 (last accessed July 20, 2023). Such a background check will return "convictions of all crimes and pending arrests of crimes against persons as defined in RCW 9.94A.411." Washington State Patrol, Frequently Asked Questions https://watch.wsp.wa.gov/WATCH/Home/FAQ#4 (last accessed July 20, 2023). It will not return any nonconviction data. *Id.*

No. 57828-0-II

CONCLUSION

We affirm the trial court's dismissal. Accordingly, Kertchen has not prevailed and is not entitled to attorney fees on appeal.

_____
CRUSER, J.

We concur:

_____
MAXA, J.

_____
GLASGOW, C.J.